# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRI-COUNTY CONTRACTORS, INC.<br>115 Riley Drive<br>Jackson, Mississippi 39209<br><br>JOHN K. HUNTER<br>115 Riley Drive<br>Jackson, Mississippi<br><br>        Plaintiffs,<br><br>v.<br><br>THOMAS E. PEREZ, in his official capacity as<br>SECRETARY OF LABOR<br>UNITED STATES DEPARTMENT LABOR<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210<br><br>        Defendant. | Civil No. 1:13-cv-1406 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW Plaintiffs Tri County Contractors, Inc., ("Tri County") and John K. Hunter (" Mr. Hunter"), by and through undersigned counsel, who files this complaint and states as follows:

# I

## **NATURE OF THE ACTION**

1. In this action Plaintiffs seek judicial review and an Order from this Court vacating and setting aside the Final Decision and Order of the U.S. Department of Labor ("DOL"), a federal agency, as such Decision and Order was an abuse of discretion in that it was arbitrary, capricious and contrary to law. For the same reasons Plaintiffs also request this Court to permanently enjoin Defendant from debarring Plaintiffs from performing contracts and subcontracts for the Federal government by removing Plaintiffs from the Excluded Parties List ("EPL"). Plaintiffs assert that they met all of the prerequisites for the three-part test under the "unusual circumstances" exception to debarment and should not have been debarred for three years by DOL. DOL's action was arbitrary, capricious, contrary to law and in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*

2. Defendant's final decision has also caused the U.S. Small Business Administration to begin proceedings designed to prematurely terminate Plaintiffs' participation from the Agency's 8(a) Business Ownership Program, which certifies companies that are owned by socially and economically disadvantaged individuals and entitles them to myriad Federal assistance, including the ability to participate in set aside contract competitions. The pertinent Federal regulations preclude Plaintiffs from ever applying for participation in the program once terminated, thus causing irreparable harm to Plaintiffs.

II

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this matter because: the case involves an issue involving a federal statute; geographical diversity exists between the parties; it is a matter involving an agency of the federal government; Plaintiffs request a declaratory judgment pursuant to 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); and, Plaintiffs request judicial review under the Administrative Procedures Act. 5 U.S.C. § 701, et seq.  Venue is proper under 28 U.S.C .A. § 1391(e) because the Defendant, an agency of the United States, resides in this district and the final decision complained of was made by Defendant's Administrative Review Board which also resides in this district.

III

**PARTIES**

4.  Plaintiff Tri-County Contractors, Inc. is a construction company organized under the laws of the State of Mississippi with its principal place of business in the State of Mississippi. The company's principal business office is located at 115 Riley Drive in Jackson, Mississippi. Tri-County is in the business of providing construction services to agencies of the Federal government.

5.  Plaintiff John K. Hunter is the President, Chief Executive Officer and owner of Tri-County.  His business address is located at 115 Riley Drive in Jackson, Mississippi.

3

6. The U.S. Department of Labor ("DOL") is an agency of the United States Government, located at 200 Constitution Avenue, NW, Washington, D.C. 20210. Within the Department of Labor is the Administrative Review Board, which is also located at 200 Constitution Avenue, NW, Washington, D.C. 20210.

## IV

## **BACKGROUND FACTS**

1. In April 2006, the Tri-County entered into a contract with a Federal government agency governed by the McNamara-O'Hara Service Contract Act ("SCA" or "Act"), 41 U.S.C.A. § 351 et. seq. (West 1994).

2. DOL conducted an investigation of Tri-County in late 2006, and found prevailing wage, fringe benefits and Contract Work Hours and Safety Standards Act ("CWHSAA") (overtime pay) violations totaling $52,994.42.

3. At the closing conference held at the conclusion of the first investigation, the Wage and Hour investigator ("investigator") told Tri-County that it must keep accurate records of actual hours worked, pay proper prevailing rates, and pay overtime wages in the future. Tri-County indicated that the violations were unintentional.

4. Tri-County then established a new accounting system within its company to ensure that future SCA violations would not occur.

5. Plaintiffs repeatedly contacted the same DOL investigator who conducted the first investigation and requested that she review the system to confirm that it would ensure that Tri-County's future wages, fringe benefits and overtime pay would be in compliance with the SCA and the CWHSAA.

6. Despite numerous calls from Plaintiffs, the investigator either did not returned the calls or returned the calls with reasons why she could not come to Tri-County's offices to review the new system. In fact the investigator never came to Tri-County's offices to review the new system.

7. Instead, the investigator sent another investigator to conduct a second investigation of Tri-County and again found prevailing wage, fringe benefits and CWHSSA overtime pay violations, this time in the amount of $49,015.39.

8. Tri-County promptly paid the back wages and fringe benefits and all other amounts owing to its employees as determined by DOL's Wage and Hour Administrator. Nevertheless, the Administrator filed a complaint against Tri-County and its owner, John K. Hunter ("Mr. Hunter"), for violating certain provisions of the SCA and its implementing regulations.

9. On February 12, 2009, following a hearing and post-trial briefing, the presiding Administrative Law Judge ("ALJ") issued a Decision and Order finding that Tri-County and Mr. Hunter were both subject to debarment in accordance with SCA Section 5(a), 41 U.S.C.A. § 354(a).

10. The ALJ erroneously concluded that Tri-County failed to prove that "unusual circumstances" existed that would support relief from the debarment of Plaintiffs. Consequently, the ALJ order that Tri-County and Mr. Hunter be debarred from Federal contracting for a period of three years.

11. However, Plaintiffs *did* in fact prove that "unusual circumstances" existed and met the three-part test of the SCA's implementing regulations contained in 29 C.F.R. § 4.188(b), and Plaintiffs should not have been debarred.

12. Under the first part of the test, Tri-County demonstrated the non-existence of the

"aggravating factors" listed in 29 C.F.R. § 4.188(b)(3)(i), such as "willful, deliberate, aggravated, or culpable conduct."  After the first investigation, Tri-County established a new accounting system and requested the DOL Wage and Hour investigator to view the system to determine if it was consistent with SCA compliance, thus ensuring that Tri-County would pay the proper wages, benefits and overtime pay.  Rather than respond, DOL instead conducted a second investigation and found violations.  However, the violations, found after Plaintiffs' attempts to have DOL examine their new system, could hardly be described as "willful, deliberate, aggravated or culpable conduct."

13.  Tri-County also met the second part of the "unusual circumstances" test which requires the contractor to demonstrated "[a] good compliance history, cooperation with the investigation, repayment of money's due, and sufficient assurances of future compliance."  29 C.F.R. § 4.188(b)(3)(ii).

14.  Tri-County had a "good compliance history" in that it had been in business since 1997 and never been found to have violated the SCA or the CWHSAA until the first investigation in 2006.  In addition, Tri-County cooperated with both investigations.  Tri-County promptly paid what DOL said was due to the employees, and Tri-County was obviously committed to future compliance since after the first investigation when it pleaded for DOL's help in working out a new accounting system.  Thus, Plaintiffs met the second part of the three-part "unusual circumstances" test.

15. In accordance with  29 C.F.R. § 4.188(b)(3)(iii) Tri-County also met the third part of the "unusual circumstances" test because the first two prerequisites of the three-part test were met, and there no "aggravating factors present," and the "mitigating factors" weighed in favor of Plaintiffs.

16. Despite the fact that Plaintiffs satisfied the three-part "unusual circumstances" test, the ALJ ruled against Plaintiffs and debarred them for three years.

17. Plaintiffs filed a timely Petition for Review of the ALJ's Decision and Order with DOL's Administrative Review Board ("ARB").  On June 29, 2012, the ARB issued a Final Decision and Order erroneously affirming the ALJ's Decision and Order.

18. With regard to the first part of the three-part "unusual circumstances" test the ARB ruled that Tri-County's conduct was "culpable" because of the "repetitive nature of Tri-County's violations."  However, from the inception of its company in 1997 to DOL's first investigation in 2006, Tri-County had never had an SCA violation; and, after the second DOL investigation, Plaintiffs repeatedly asked for DOL's help in avoiding future violations.  Such conduct on the part of Tri-County was not "repetitive" or "culpable."

19. The ARB then erroneously held that because Tri-County had failed to meet the first part of the "unusual circumstances" three-part test that it could not prevail under the second part of the test.  However, the ARB ruled that "assuming Tri-County was able to establish the nonexistence of aggravating factors under the first part of the debarment test, Tri-County could not prevail under the second part of the test."  Although readily acknowledging that Tri-County paid the money due its employees, ARB held that because the Plaintiffs supposedly "impeded the second investigation by failing to keep accurate time records and by denying for several months that employees' hours had been computer-generated when this was in fact the case."  Such conclusion by the ARB was arbitrary and totally contrary to the evidence.

20. Tri-County could not have "impeded an investigation by failing to keep accurate records" when it had previously requested DOL to examine its record-keeping system after the second investigation.  Moreover, Plaintiffs thought that it was accurate in stating that its

employees' hours were not computer-generated. Although the employees individually filled out their time on a form in their computers, Tri-County had no computer-generated wage-hour reporting system application, which Plaintiffs thought the DOL meant by "computer generated employee hours." To characterize such conduct as "impeding an investigation" was arbitrary and capricious.

21. The ARB also erroneously concluded that that Tri-County could not meet the third part of the "unusual circumstances" test because Tri-County "had prior violations that were serious in nature. Such holding was not true and contrary to the evidence. In fact there was only one prior investigation against Tri-County showing any SCA violations, and they were apparently not serious enough for DOL to bring charges, as such violations were unintentional. There were no other prior SCA violations mentioned by the ARB since the inception of Tri-County, because there were none.

22. Despite the evidence stated in the paragraphs above, ARB affirmed the Decision and Order of the ALJ.

23. DOL then placed Plaintiffs on the Federal government's Excluded Party List ("EPL") for the period July 18, 2012 to July 17, 2015, during which time Plaintiffs are debarred and declared ineligible to enter into contracts or subcontracts with the United States for a period of three years.

24. In a letter dated August 16, 2013 Plaintiffs received a letter from the SBA indicated that it intended to terminate Tri-County Contractors from the 8(a) Business Development Program due to DOL's debarment of Plaintiffs.

25. The ARB's decision represents the final decision of DOL on this matter. Thus, Plaintiffs seek judicial review of that decision and asks this Court to vacate and set-aside the DOL decision and declare that Plaintiffs be removed from the Federal government's Excluded Parties List (EPL) and made eligible to enter into contracts and subcontracts with the United States.

## V

## COUNT – ARBITRARY, CAPRICIOUS AND CONTRARY TO LAW

26. Plaintiffs re-allege Paragraphs 1-25 as if set forth fully herein.

27. DOL's final decision in this matter is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law pursuant to 5 U.S.C § 706.

## VI

## IMPACT OF GOVERNMENT ACTIONS

28. Plaintiffs re-allege paragraphs 1-27 as if set forth fully herein.

29. The impact of the DOL's actions is prejudicial to Plaintiffs and improperly deny Plaintiffs the ability to compete for and enter into contracts with the United States Government and will lead to the termination of Plaintiffs from the SBA's 8(a) Business Development Program and all of the Federal assistance that derives from such program, including the ability to participated in 8(a) restricted contract set-aside competitions, the Mentor-Protégé Program and other financial and technical assistance.

# VII

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

a) Enter a Declaratory Judgment setting aside and vacating the June 29, 2012 Order by DOL;

b) Enjoining DOL from maintaining Plaintiffs on the Excluded Parties List and directing DOL to remove Plaintiffs from the Excluded Parties List;

c) Award Attorney fees and costs for maintaining this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

d) Award such other relief as this Court deems appropriate.

Dated:  September 16, 2013             Respectfully submitted,

/s/ Ralph C. Thomas III_____
Ralph C. Thomas III #256974
**BARTON BAKER THOMAS & TOLLE LLP**
1320 Old Chain Bridge Road, Suite 440
McLean, VA 22101
(703) 448-1810 ext. 23
Fax (703) 448-3336

Attorneys for Plaintiff